UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE FLICK, individually and on behalf of all those similarly situated,<br>Plaintiff,<br>v.<br>MARS PETCARE US, INC. dba Nutro Pet Foods, a Delaware corporation,<br>Defendant. | Case No.: 3:26-cv-2142-CAB-BJW<br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br>[Doc. No. 10] |

This matter comes before the Court on Defendant Mars Petcare US, Inc. dba Nutro Pet Foods' ("Defendant") motion to dismiss. [Doc. No. 10.] The motion has been fully briefed, and the Court finds it suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** the motion.

## I. ALLEGATIONS IN THE COMPLAINT

### A. Parties

Defendant manufactures, distributes, advertises, and sells Nutro Natural Choice dog foods. [Doc. No. 1 ("Compl." or "Complaint") at 1.] Plaintiff Nicole Flick ("Plaintiff") is a California citizen who purchased an unnamed dog food from Defendant via

Amazon.com. [*Id.* at ¶ 1.] Plaintiff purports to represent a class of California consumers of Defendant's dog food products ("Products"). [*Id.* at ¶ 48.]

**B. Plaintiff's Class Allegations**

On April 6, 2026, Plaintiff, on behalf of herself and all others similarly situated, filed a class action Complaint against Defendant. Plaintiff's lawsuit alleges that Defendants misled consumers by labeling their Products as free from artificial preservatives despite the Products containing artificial citric acid and tocopherol preservatives. [*See* Compl. at ¶¶ 15–16.] Plaintiff alleges that the front-label packaging of the Products prominently displays the claim that the Products contain "No Artificial Flavors, Colors, or Preservatives" ("Label Statement"). [Compl. at ¶ 15.]

Plaintiff alleges that the Label Statement is a false and misleading attempt to promote Defendant's Products as natural despite containing citric acid and tocopherols as preservative ingredients, which are "virtually all" derived from synthetic manufacturing processes rather than natural derivation. [*Id.* at ¶¶ 16, 19, 38.] In her Complaint, Plaintiff states that she reviewed and relied on the Label Statement in making her purchase. [*Id.* at ¶ 17.] The Complaint includes a partially obscured image of the challenged Label Statement, as well as Plaintiff's Amazon order number. [*Id.* at ¶¶ 1, 15.]

Next, Plaintiff alleges that by using the Label Statement, Defendant intentionally misled consumers into paying Defendant a premium price above the value of the Products. [Compl. ¶¶ 64, 80.] Plaintiff alleges that she would not have purchased the Products or would not have purchased the Products on the same terms had she known they contained artificial preservatives, in contradiction with the label. [*See, e.g., id.* at ¶¶ 43, 89.] Further, Plaintiff alleges that reasonable consumers relied on Defendant's Label Statement when making purchasing decisions and suffered economic injury because of Defendant's actions. [*Id.* at ¶ 57.]

The Complaint asserts seven causes of action: violation of California's Consumers Legal Remedies Act Cal. Civ. Code § 1750, *et seq.* ("CLRA"); unjust enrichment; breach

of express warranty; and four separate violations of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200, *et seq*. ("UCL").

## II. LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss based on a court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff has the burden of establishing that the court has subject matter jurisdiction over an action. *Ass'n of Am. Med. Coll. v. U.S.*, 217 F.3d 770, 778–79 (9th Cir. 2000).

Standing is a threshold issue that the Court must reach before addressing the merits or any other substantive matter. *See Stoianoff v. State of Mont.*, 695 F.2d 1214, 1223–24 (9th Cir. 1983). Rule 12(b)(1) motions may challenge jurisdiction either facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The district court should resolve a facial attack such as this one "as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Accordingly, the Court turns toward the Complaint to determine whether Plaintiff's factual allegations sufficiently establish economic injury, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

## III. DISCUSSION

### a. Motions to Dismiss under Rule 12(b)(1)

In a class action, at least one of the named plaintiffs must meet the Article III standing requirements. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Article III requires that: (1) at least one named plaintiff suffered an injury in fact, (2) the injury is fairly traceable to the challenged conduct, and (3) the injury is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up). Once a plaintiff has satisfied the standing requirement for products purchased in a consumer protection action, the plaintiff may then "have standing to assert claims for

unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Miller v. Ghirardelli Chocolate Co.*, 912 F.Supp.2d 861,868–869 (N.D. Cal. 2012).

In determining standing for distinct products, a court need not make inferences or "pore over each ingredient list and guess" how each product is actionably mislabeled. *Wilson v. Frito-Lay N. Am., Inc.*, 961 F.Supp.2d 1134, 1141 (N.D. Cal. 2013). Accordingly, deficient factual allegations regarding purchased or unpurchased products fail to confer Article III standing, and such claims are subject to dismissal. *See e.g. Krystofiak v. BellRing Brands, Inc.*, 737 F.Supp.3d 782, 793–794 (N.D. Cal. 2024); *Oregon Laborers-Emp'r Health & Welfare Trust Fund v. Philip Morris, Inc.*, 17 F.Supp.2d 1170, 1180 (D.Or.1998) ("Plaintiffs have not alleged that they are consumers of defendants' products and thus, I find that they lack standing to maintain claims under the Oregon UTPA.") *aff'd*, 185 F.3d 957 (9th Cir. 1999).

Defendant moves to dismiss Plaintiff's Complaint in its entirety for lack of Article III standing. [Doc. No. 10]. Defendant argues that Plaintiff has not identified the specific product that she purchased which caused her injury. [*Id.* at 8, 16.] As Defendant notes, Plaintiff must plead with "specificity" that she relied on a defendant's alleged misrepresentation to establish standing for Plaintiff's claims. *Hall v. Sea World Ent., Inc.*, No. 3:15–CV–660–CAB–RBB, 2015 WL 9659911, at *3 (S.D. Cal. Dec. 23, 2015) (Bencivengo, J.) (dismissing UCL, FAL, and CLRA claims due to a lack of reliance) (citation omitted).

Indeed, the Complaint broadly defines the challenged class of Products as "Nutro Natural Choice dog foods." [Compl. at 1.] Yet, Defendant markets numerous dog food products with varying formulations, and it is unascertainable from the pleadings which formulation(s) give rise to Plaintiff's claims. [Doc. No. 13 at 2.] The Complaint provides an image of the challenged Label Statement and Plaintiff's Amazon order number, but neither the image nor the order number identify the product formulation that Plaintiff purchased. [Compl. at ¶¶ 1, 4.] The Court cannot go outside the pleadings to ascertain

which item Plaintiff purchased. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment."). Accordingly, the Complaint does not articulate a claim with the required level of specificity. This is insufficient to confer Article III standing.

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss based on lack of Article III standing. As the Court found that the Complaint fails to plausibly allege standing to sue for the purchased Products, the Court need not reach the issues of standing to sue for unpurchased Products or injunctive relief.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Complaint. The Complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may file an amended complaint by **November 30, 2026**. If Plaintiff does not file an amended complaint, the Clerk of Court is directed to close the case.

It is **SO ORDERED**.

Dated: October 30, 2026

Hon. Cathy Ann Bencivengo
United States District Judge